UTICA,
Aug. 1826.

Adams
v.
Minton.

---

## ADAMS *against* MINTON.

A plea served before special bail is perfected, in a bailable action, is a nullity ; and does not become good by a subsequent justification ; unless it was received *de bene esse* ; and notice of this given to the defendant.

MOTION, by the defendant, to set aside the plaintiff's ver-
dict for irregularity.

The action was a bailable one. The defendant put in
*R. Farr* and *John Doe* as bail ; and sent a plea of the gen-
eral issue to the plaintiff, the 24th of *April* last. On the
30th, the plaintiff gave notice of exception to the bail.
The defendant then gave notice of moving for an order to
mitigate bail ; and that two substantial persons would jus-
tify as such, on the 20th day of *May*. On that day, the
amount of bail was fixed by the commissioner ; and a jus-
tification took place accordingly ; whereupon, without
waiting for a new plea, the plaintiff immediately, on the
same day, served notice of trial, for the following *June*
circuit ; when he took an inquest. This was on the 9th
of *June*. On the 30th of *June*, the plaintiff was served by
the defendant with a copy of the former plea.

*J. H. Ostram*, for the defendant, now insisted that the
first plea was a nullity, on the ground that the bail had not
become perfect when it was served.

*A. Dana*, contra.

*Curia.* It is impossible to sustain this proceeding.
Here was no bail for any substantial purpose, when the
first plea was served. This has been decided over and
over. (2 *Cowen*, 622. 1 *id.* 54, 60, 226.) In the two
last cases, the plaintiff's attorney returned the pleas, on
the ground that bail was not perfect ; but there is no need
of this ceremony. Whether he do it or not, the plea must

be regarded as a mere nullity ; and the plaintiff may take his default, even after the bail have justified, (1 *Archb.* 112, 4 *T. R.* 578,) except in the case of a plea in abatement. (1 *Archb.* 112. 2 *East,* 406.) The justification does not make the plea good in the plaintiff's hands ; nor will his filing common bail have that effect, after he has refused a plea for want of special bail. (1 *Cowen,* 226.) The course of the plaintiff was to wait the four days after justification ; and then take his default for want of a plea, according to the 7th gen. rule of *April* term, 1796. This case is the stronger, inasmuch as the plaintiff virtually declined the plea, by excepting to the bail. If he had intended that it should become good without any new service, he should have received it specially, and given notice of this to the defendant's attorney.

Motion granted with costs.